

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2007

# Maulsby v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Maulsby v. Beard" (2007). *2007 Decisions.* Paper 1118.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1118

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-189                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4621
_____

VERNON SAINT MAULSBY,

Appellant,

v.

JEFFREY A. BEARD, Individually and in his own official capacity; DAVID
DiGUGLIELMO, Individually and in his official capacity; J. DAY, CO3, Individually
and in his official capacity; BLUE, CO1, Individually and in his official capacity

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 06-cv-3510)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 19, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed May 10, 2007)

_____

OPINION

_____

PER CURIAM

Vernon Saint Maulsby, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we conclude that this appeal lacks an arguable basis, we will dismiss it pursuant to § 1915(e)(2)(B)(i).

Maulsby is, and at all relevant times was, incarcerated at the State Correctional Institute at Graterford, Pennsylvania ("SCI-Graterford"). In September 2006, Maulsby commenced a civil rights action under 42 U.S.C. § 1983 in the U.S. District Court for the Eastern District of Pennsylvania against the Secretary of the Department of Corrections, the Superintendent of SCI-Graterford, and two correctional officers identified as "J. Day" and "Blue." In the complaint, Maulsby alleged that his Fourteenth Amendment procedural due process rights were violated when his color television was broken, and other personal property stolen, while Corrections Officer Blue was packing up his cell.

On September 22, 2006, the District Court dismissed Maulsby's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Maulsby filed a motion to "amend judgment and/or relief from judgment order," which the District Court denied on October 20, 2006. Maulsby now appeals from the District Court's order dismissing his case.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Because Maulsby is proceeding in forma pauperis, we must review this appeal to determine whether it should be dismissed

2

pursuant to § 1915(e)(2)(B)(i).  We dismiss an appeal if it "lacks an arguable basis in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

At the outset, we note that it is not entirely clear from the complaint whether Maulsby alleged that Corrections Officer Blue was negligent in packing up his cell.  To the extent that Maulsby alleges mere negligence, he has not stated a due process claim.  See Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1143 (3d Cir. 1990).  We will, however, construe the complaint liberally to allege intentional conduct by the defendants.

A prisoner's due process claim based on a state actor's unauthorized deprivation of property is not actionable under § 1983 unless no adequate post-deprivation remedy is available.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  In Pennsylvania, the state prison system has established an internal grievance procedure through which the state hears claims and, when appropriate, provides remedies.  See DC-ADM 804.  This post-deprivation remedy is sufficient to satisfy the requirements of due process.  See Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000) (finding that Pennsylvania state prison grievance program provided prisoner with adequate post-deprivation remedy).  Furthermore, Maulsby could also have filed a state tort suit for conversion of property.  See Hudson, 468 U.S. at 535.  Therefore, because these post-deprivation remedies were available to Maulsby, we agree with the District Court that his complaint failed to allege any facts that could support a valid claim under section 1983.[1]

_____

[1]In his motion to amend the judgment, Maulsby states that he was not given an opportunity to amend the complaint.  We conclude that any such amendment would have

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The motion for appointment of counsel is DENIED.

been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2003).